UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRITTANY WOOD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-00253-JAW |
| | ) | |
| PENOBSCOT COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON MOTION FOR SANCTIONS AND AMENDED SCHEDULING ORDER

In this action, Plaintiff alleges claims based on Defendants' actions while Plaintiff was in custody in the Penobscot County Jail. Citing Plaintiff's failure to comply with her discovery obligations, Defendants ask the Court to preclude Plaintiff from presenting (a) evidence regarding her medical condition and treatment, and (b) the testimony of the expert witnesses identified by Plaintiff. (Motion for Sanctions, ECF No. 41.) Plaintiff opposes the motion.

Following a review of the record and after consideration of the parties' arguments, the Court denies Defendant's motion for sanctions but establishes a process for Defendants to obtain pertinent medical records.

### PROCEDURAL BACKGROUND

Plaintiff commenced this action in state court in June 2024 alleging that while in custody, she was sexually harassed and received inadequate medical care. (Complaint,

ECF No. 1-3.)[1]  Defendants removed the matter to this Court.  (Notice of Removal, ECF No. 1.)

On October 10, 2024, in accordance with the Scheduling Order, Plaintiff designated her expert witnesses.  (ECF No. 17-1.)  In the designation, Plaintiff listed her treatment providers and while she did not state with specificity the substance of the experts' opinions, she represented that they would testify consistent with the medical records they generated. (*Id.*)  Plaintiff moved to amend the Scheduling Order on October 24, 2024, and October 25, 2024, in part to allow her to supplement her expert witness designation.  (Motions, ECF Nos. 7, 15.)

After the Court granted Plaintiff's motions, (Order, ECF No. 18), on December 31, 2024, Plaintiff served Defendants with a supplemental expert witness designation, listing nine expert witnesses.[2]  (ECF No. 41-1.)  Plaintiff's supplemental expert designation included more information than Plaintiff's original designation.  (*See* Plaintiff's Supplemental Expert Witness Designation, ECF No. 41-1.)

In February 2025, the parties requested a hearing to discuss various discovery issues.  (Discovery Conference Requests, ECF Nos. 27, 29.)  Relevant to the present motion, Defendants maintained that Plaintiff had not provided all her pertinent medical records and that her expert witness designation was inadequate.  Following the February

---

[1] Plaintiff subsequently amended her complaint, but Plaintiff's basic claims were unchanged. (*See* Motion, ECF No. 14; Order, ECF No. 19.)

[2] Plaintiff no longer intends to offer one of the individuals listed as an expert witness. (Response at 3, ECF No. 44.)

2

18, 2025, telephonic hearing, the Court ordered Plaintiff to supplement her expert designations and produce additional medical records. (Order, ECF No. 32.) Plaintiff provided additional medical records, though Defendants contend that Plaintiff still has not provided records related to an alleged hospitalization or records from other providers. The record is somewhat ambiguous as to whether Plaintiff further supplemented her expert witness designation.[3]

## DISCUSSION

Defendants contend Plaintiff has failed to comply with the expert witness designation requirements of Federal Rule of Civil Procedure 26 and has failed to provide Defendants with her complete medical records. As a sanction, Defendants ask the Court to prohibit Plaintiff from providing any evidence regarding her medical or healthcare issues, strike Plaintiff's expert designation, and prohibit Plaintiff's experts from testifying to any opinions.

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Preclusion, however, is not a strictly mechanical exercise. . . . And, in its discretion, the district court may choose a less severe sanction." *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77–78 (1st Cir. 2009) (cleaned up); *Morissette v. Cote Corp.*,

---

[3] In Plaintiff's response to Defendants' motion for sanctions, Plaintiff states "I have updated my expert designations. I have attached them to this filing." (Response at 4.) Plaintiff, however, did not attach a supplemental designation to the response. The Court is uncertain whether Plaintiff is referring to the December supplemental expert witness designation or a more recent designation.

3

No. 2:14-cv-452-JDL, 2015 WL 13547876, at *1 (D. Me. Dec. 30, 2015) (quoting *Harriman v. Hancock Cty.*, 627 F.3d 22, 29 (1st Cir. 2010)) ("'The baseline rule is that the required sanction in the ordinary case is mandatory preclusion.' However, the court retains discretion to impose other sanctions in lieu of, or in addition to, mandatory preclusion."); Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi) (listing possible sanctions). Whether preclusion is appropriate depends on several factors, including the history of the litigation, the sanctioned party's need for the evidence, and the sanctioned party's justification for the discovery failure. *See Esposito*, 590 F.3d at 78; *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) ("[T]he choice of an appropriate sanction must be handled on a case-by-case basis.").

The record demonstrates that Plaintiff attempted to satisfy her discovery obligations and that at least some of the shortcomings in Plaintiff's discovery responses are the product of her lack of legal training rather than an intentional disregard of the applicable rules and procedures. While Plaintiff's pro se status does not exempt her from complying with the applicable procedural and discovery rules, courts, including this Court, have recognized that pro se litigants should be afforded some leeway regarding some of the discovery rules. *See Goguen v. Gilblair*, No. 1:12-cv-00048-JAW, 2012 WL 3233520, at *2 (D. Me. Aug. 6, 2012).

Plaintiff has produced some of her medical records and the Court is satisfied that the Court can implement a process for Defendants to obtain the relevant records that have not been produced. The requested limitation on Plaintiff's ability to present evidence regarding her medical condition and treatment is not warranted.

The exclusion of Plaintiff's designated expert witnesses is also not warranted at this time on this record. "The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent." *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (citation and internal quotes omitted). The court may impose sanctions under Rule 37(c)(1), including precluding the non-complying party from "using that witness or relevant expert information to supply evidence . . . at trial." *Gay v. Stonebridge Life Ins. Co.*, 660 F.3d 58, 62 (1st Cir. 2011). "Thus Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion." *Poulis-Minott*, 388 F.3d at 358.

To the extent that Plaintiff's designation as to a particular expert is supported by her reference to her medical records rather than a summary of the expert's opinions, Plaintiff could potentially be precluded from presenting the expert's testimony. Without the medical records and knowledge of the specific questions Plaintiff might ask the witness, however, the Court cannot determine whether the designation has reasonably informed Defendants of the expert's anticipated testimony. For example, if the referenced medical record clearly includes the opinion that Plaintiff seeks to present, the Court might be more inclined to permit the testimony than if the record lacks any reference to the opinion. As this Court previously observed, "[a] challenge to the adequacy of a designation typically arises when a party offers an expert opinion either at trial or in connection with a dispositive motion and the opposing party contends the designation did not fairly inform the party of the opinion or the bases for the opinion." *Lewis v. Spurwink Services, Inc.*, No. 2:22-cv-00054-NT, 2024 WL 1809400, at *2 (D. Me. Apr. 25, 2024). Furthermore, at least as to

some experts, Plaintiff arguably has provided an adequate summary of the expert's opinion independent of a review of the expert's records. In short, the blanket exclusion of the testimony of all the designated expert witnesses is not warranted.

## CONCLUSION

The Court denies Defendants' motion for sanctions. The Court, however, believes that supplemental discovery and a clarification of Plaintiff's ability to offer the opinions of the designated experts are appropriate. The Court finds and orders:

1. Given the nature of the injuries and damages for which Plaintiff seeks to recover, Plaintiff's medical treatment for a period before the incidents about which Plaintiff complains and the treatment Plaintiff has received subsequently are relevant. Within 10 days of the date of this order, Plaintiff shall sign medical authorizations that permit Defendants to obtain directly from Plaintiff's treatment providers records generated from treatment rendered to Plaintiff during the five-year period preceding the incidents alleged in Plaintiff's complaint to present. Defendants shall provide Plaintiffs with copies of all documents obtained from the providers.

2. The Court's denial of the motion for sanctions shall not be construed as a determination that Plaintiff's designations are adequate or that Defendants are precluded from challenging Plaintiff's ability to offer the experts' opinions at trial or in connection with a dispositive motion. Whether Plaintiff is permitted to offer the experts' opinions is more appropriately determined when the opinions are offered. With a more complete record, including the medical

records referenced in the designation, the Court can assess whether the experts will be permitted to testify at trial or in connection with any dispositive motion that Defendants might file.

3. The Court amends the Scheduling Order as follows: The deadline to complete discovery is extended to October 1, 2025; the deadline to file a notice of intent to file a motion for summary judgment is extended to October 8, 2025; the deadline to file dispositive motions and *Daubert* and *Kumho* motions is extended to October 22, 2025; the case shall be ready for trial by December 3, 2025.

## NOTICE

Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of July, 2025.