UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BRITTANY WOOD,                              )
                                            )
        Plaintiff                           )
                                            )
    v.                                      )        1:24-cv-00253-JAW
                                            )
PENOBSCOT COUNTY JAIL, et al.,              )
                                            )
        Defendants                          )

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE LATE OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Plaintiff seeks leave to file a late opposition to Defendants' motion for summary judgment.[1] (Motion, ECF No. 100.) Defendants contend the requested relief is not warranted because Plaintiff cannot establish excusable neglect for the failure to file the opposition timely.

Federal Rule of Civil Procedure 6(b) authorizes the Court to extend the time for a court filing "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The excusable neglect standard applies in this case because Plaintiff filed her motion after the expiration of the deadline to file an opposition to Defendants' motion for summary judgment.

In determining whether excusable neglect has been established, a court must consider "(1) the danger of prejudice to the non-moving party; (2) the length of any delay

_____

[1] Plaintiff also moved to hand file the motion for leave to file a late opposition. (Motion, ECF No. 99.) The Court grants the motion.

and its potential impact on judicial proceedings; (3) the reasons for the delay, including whether the movant had control over those reasons, and (4) whether the movant acted in good faith." *Daggett v. York County,* No. 2:18-cv-00303-JAW, 2021 WL 1792068, at *2 (D. Me. May 5, 2021) (cleaned up). The reason for the failure to file the response timely has been described as the "'most critical'" factor in the Court's assessment. *Robinson v. Wright*, 460 F. Supp. 2d 178, 181 (D. Me. 2006) (quoting *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005)).

Defendants argue that Plaintiff has failed to explain adequately the reason for her failure to respond to the summary judgment motion within the required time. While the circumstances that resulted in Plaintiff's failure to file her opposition timely are not entirely clear, Plaintiff and her counsel developed some strategic differences, which evidently contributed to Plaintiff's failure to file an opposition. The differences ultimately resulted in counsel's withdrawal from representation.

For Plaintiff to describe with more specificity the reasons for her failure to file an opposition, Plaintiff would likely have to disclose communications that are within the attorney-client privilege. The Court is not inclined to require Plaintiff, now self-represented, to assess whether a waiver of the attorney-client privilege would be prudent. Under the circumstances, although the Court will consider the adequacy of Plaintiff's explanation, the Court does not view the lack of a more specific explanation as dispositive.

The other relevant factors militate in favor of allowing Plaintiff to file a late opposition. Without minimizing the length of time the motion has been pending, the Court discerns no unfair prejudice to Defendants if the Court permits the late filing. Defendants

will have the opportunity to reply to the opposition and the filing will not materially delay resolution of the motion. Further, although Plaintiff's failure to file the opposition timely is concerning and while Defendants' frustration with the delay is understandable, the Court finds that throughout the time Plaintiff has been self-represented, she has attempted in good faith to comply with court orders and the rules of procedure. As to the failure to file an opposition to the motion for summary judgment, the Court finds that the failure is more likely the product of a breakdown of the attorney-client relationship than a lack of good faith.

In assessing Plaintiff's motion, the Court is mindful of the Supreme Court's guidance that an excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). For the reasons explained above, the Court concludes that the equities weigh in favor of permitting Plaintiff's filing. The Court, therefore, grants Plaintiff's motion and accepts for filing Plaintiff's opposition to the motion for summary judgment.[2] Defendants may file a reply memorandum in support of their motion for summary judgment on or before July 7, 2026.

## NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

Dated this 16th day of June, 2026

/s/ John C. Nivison
U.S. Magistrate Judge

---

[2] Plaintiff's opposition is filed at ECF Nos. 90 and 91.

3